# EXHIBIT "A"

BN 1684917v1

Richard A. Drake (025449)
**BARSKI DRAKE PLC**
14500 N. Northsight Blvd., Suite 200
Scottsdale, AZ 85255
Tel: (602) 441-4700
Fax: (602) 680-4305
rdrake@bdlawyers.com
*Attorneys for Pamela Jo Brown*

## SUPERIOR COURT STATE OF ARIZONA

## MARICOPA COUNTY

| | |
|---|---|
| PAMELA JO WRIGHT-BROWN and JOHN R. BROWN, a married couple, <br><br> Plaintiffs, <br><br> v. <br><br> SANTANDER CONSUMER USA INC., a foreign corporation, and DOES 1-20, fictitious entities, <br><br> Defendants. | Case No.: CV2012-052207 <br><br> **SUMMONS** <br><br> If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 <br> or <br> www.maricopalawyers.org <br> Sponsored by the <br> Maricopa County Bar Association |

**THE STATE OF ARIZONA TO THE DEFENDANT:**

SANTANDER CONSUMER USA, INC.

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail within the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4; A.R.S. §§ 20-222, 28-502, 28-503.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs' attorney. **RCP 10(d); A.R.S. §12-311; RCP 5.**

The name and address of plaintiff's attorneys is:

Richard A. Drake, Esq.
Barski Drake PLC
14500 N. Northsight Blvd., Suite 200
Scottsdale, Arizona 85260
Telephone: (602) 441-4700
rdrake@bdlawyers.com

**REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST 3 JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.**

**SIGNED** and **SEALED** this date:

COPY

APR 24 2012

MICHAEL K. JEANES, CLERK
S. LaSPALUTO
DEPUTY CLERK

CLERK OF THE SUPERIOR COURT

By:_____
    Deputy Clerk




1  Richard A. Drake (025449)
   **BARSKI DRAKE PLC**
2  14500 N. Northsight Blvd., Suite 200
   Scottsdale, AZ 85255
3  Tel: (602) 441-4700
   Fax: (602) 680-4305
4  rdrake@bdlawyers.com
   *Attorneys for Pamela Jo Brown*

APR 24 2012

MICHAEL K. JEANES, CLERK
S. LaSPALUTO
DEPUTY CLERK

## SUPERIOR COURT STATE OF ARIZONA

## MARICOPA COUNTY

| | |
|---|---|
| PAMELA JO WRIGHT-BROWN and JOHN R. BROWN, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>SANTANDER CONSUMER USA INC., a foreign corporation, and DOES 1-20, fictitious entities,<br><br>Defendants. | Case No.: CV2012-052207<br><br>**COMPLAINT**<br><br>(Wrongful Repossession; Breach of Contract; Unjust Enrichment; Violation of the Fair Credit Reporting Act; Violation of A.R.S. §47-9210 et seq.; Defamation; Conversion; Violation of Fair Debt Collection Practices Act; Declaratory Judgment; Injunctive Relief) |

Plaintiffs, Pamela Jo Wright-Brown and John Brown, a married couple, (the "Browns") for their complaint against Santander Consumer USA Inc. ("Santander") and Does 1-20 (the "Defendants"), hereby allege as follows:

### PARTIES

1. The Browns were the owners of a 2005 Dodge Grand Caravan (the "Van").

2. Defendant Santander Consumer USA Inc. is a foreign corporation authorized to do business in Arizona ("Santander"). Santander became the successor-in-interest to an auto loan made to the Browns.

3. Non-Defendant Citi Financial Auto ("Citi") is a foreign corporation authorized to do business in Arizona. Citi made the original loan for the van and sold/assigned the note to Santander on or around September 2010.

4. Non-Defendant Earnhardt's Gilbert Dodge, Inc. ("Earnhardt's") is an Arizona corporation doing business in Arizona. The Browns purchased the van from Earnhardt's.

1

5. The fictitiously designated defendants DOES 1-20 have been so designated as parties to this Complaint because Brown is currently unaware of their true identities. Once the true identity of any fictitiously named defendant becomes known, Brown will request leave of the Court to amend her Complaint to reflect the true names of the individuals or entities.

6. At all times relevant herein, Defendants are sued and were acting as principal, employer and/or the agent, servant and employee of said principal(s) or employer(s), and all of the acts performed by them, or their agents, servants and employees, were performed with the knowledge and under the control of said principal(s) or employer(s) and all such acts performed by such agents, servants and/or employers, were performed within the course and scope of their authority.

## JURISDICTION & VENUE

7. Defendants have caused events to occur in Maricopa County, Arizona that have resulted in the courts of Arizona having jurisdiction over this cause of action under the Constitution of the State of Arizona Article 14 § 6, *Ariz. Rev. Stat.* § 12-123, and Rule 4.1(a), *Arizona Rules of Civil Procedure*.

8. The amount in controversy exceeds this Court's minimum jurisdiction.

9. Venue is proper in this Court pursuant to *A.R.S.* § 12-401.

## STATEMENT OF FACTS

10. On or about May 28, 2005, the Browns purchased the Van from Earnhardt's Gilbert Dodge, Inc. ("Earnhardt's") for a total purchase price of $26,745.32. (**Exhibit A** Purchase Contract)

11. On or about May 28, 2005, the Browns applied for a loan at Earnhardt's in the amount of $23,745.32 which represented the balance on the price of the Van after a down payment of $3,000.

12. On or about May 28, 2005, the Browns were approved for a loan for the Van in the amount of $23,745.32 with an annual percentage rate of 21% for a total of 72 months beginning July 12, 2005. The agreed upon monthly payment was $587.71.

13. On or around July 12, 2005, the Browns commenced making monthly payments to Citi, the original lender, in the amount of $587.71.

14. In January and February 2007, Citi agreed to defer two (2) installment payments due to financial hardship.

15. On or around September 2010, subsequent to the Browns purchase of the Van, Citi assigned or sold the purchase contract to Santander.

16. Over the course of making payments to Santander, the Browns were only more than 30 days late for one payment which occurred on or around January 2011.

17. At all times over the course of making payments on their loan to Santander, the Browns paid the amount due plus any late fees owed.

18. On or around September 9, 2011, approximately 74 months after commencing payments to Santander, the Browns made their final payment in the amount of $587.71 to pay off their loan to Santander.

19. On or around September 2011, subsequent to the Browns issuing their final payment to Santander, Santander began reporting their account as past due to the credit bureaus. (**Exhibit B** Credit Report).

20. On or around September 2011, subsequent to the Browns issuing their final payment to Santander, Santander began collection attempts against the Browns via telephone which continued over the subsequent 5 months. These attempts approximated 3 to 5 times per day including Sundays.

21. Over the course of phone calls from Santander, from September 2011 through January 2012, the Browns explained to Santander that all payments were made and demanded details regarding their account including documents evidencing an accounting for the monies demanded by Santander.

22. During each of the phone calls from Santander, from September 2011 through January 2012, Santander stated that they would continue to contact the Browns regarding collection of the account if the matter was not resolved over the telephone.

23. On or around November 22, 2011, the Browns, through Credit Attorney, P.C., contacted Santander requesting information as to the status of their account.

24. On or around December 2011, Santander began reporting the Browns account as a "collection" account to the credit bureaus.

25. On or around January 3, 2012, the Browns, through Credit Attorney, P.C., contacted Santander requesting information as to the status of their account.

26. The Browns never received any Notice of Breach or Notice of Default from Santander.

27. On or around March 9, 2012, without notice or warning, Santander repossessed the Van. Brown was never provided a repossession order despite repeated demand by the Browns.

28. The Browns never received any Notice of Cure or Redemption after the repossession.

29. The Browns maintained full insurance coverage on the Van through the date of repossession at an amount of $155 per month as they believed they were the legal owners.

30. Due to the repossession of the Van, it was necessary for the Browns to purchase another vehicle.

### FIRST CLAIM FOR RELIEF
(Wrongful Repossession A.R.S. §§ 47-9609 et seq.)

31. The Browns re-allege all prior paragraphs and incorporate the allegations by reference therein as though fully set forth herein.

32. A.R.S. §47-9609(A)(1) states that, after default, a secured party may take possession of collateral.

33. As set forth herein, Plaintiff satisfied their obligations upon making their 72 monthly payments as required by the loan agreement. Thus, Plaintiff was the rightful owner of the Van upon making the final payment in September 2011.

4

34. Santander's repossession of the Van was wrongful and in violation of A.R.S. §47-9609 et seq. because Plaintiff was not in default of the security agreement.

35. For the foregoing violations, Plaintiff is entitled to recover, under A.R.S. §47-9625(C) not less than the finance charge plus ten percent of the cash price, or the time price differential plus ten percent of the cash price.

ALL FOR WHICH THE BROWNS SEEK DAMAGES AND OTHER RELIEF AS PRAYED FOR BELOW.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing)

36. The Browns re-allege all prior paragraphs and incorporate the allegations by reference therein as though fully set forth herein.

37. The Browns and Earnhardt entered into the Purchase Agreement which is the subject of this suit. Earnhardt, subsequently, assigned their interest in the Agreement to Citi. Citi, subsequently, assigned their interest in the Agreement to Santander. Thus, underlying this transaction is a contract.

38. Under the contract, the Defendants enjoyed substantial discretionary power affecting the rights of the Browns during the events alleged in this Complaint.

39. Under the contract, Defendants were required to conform to certain statutory provisions regarding secured transactions under A.R.S. §§ 47-9609, *et seq.* and §§47-9210(A)(2), as alleged herein, and they did not which is a breach of the Contract and a condition precedent to repossession of the collateral securing the loan.

40. Under the contract, Defendants were required to exercise discretionary power fairly and in good faith which they did not as alleged herein above.

41. Defendants allege that the Browns have breached the contract by triggering the Security Interest provision.

42. The Browns made all the payments called for under the contract and Santander failed to provide any accounting for their excessive miscalculation of the loan, despite repeated demands by the Browns.

43. These actions proximately caused the Browns' Van to be repossessed thus taking away their rightful interest in the property which was the subject of the contract. Each of these acts resulted in a breach of contract and a breach of implied covenant of good faith and fair dealing which has resulted in injury to the Browns who are entitled to damages.

ALL FOR WHICH THE BROWNS SEEK DAMAGES AND OTHER RELIEF AS PRAYED FOR BELOW.

### THIRD CLAIM FOR RELIEF
(Unjust Enrichment – All Defendants)

44. The Browns re-allege all prior paragraphs and incorporate the allegations by reference therein as though fully set forth herein.

45. Defendants have enjoyed great financial gain from their wrongful repossession of the Van. Specifically, Defendants profited in the repossession of the Van for which they had also received payment in full.

46. By their wrongful acts and omissions described herein and resulting in the repossession of the Van, the Defendants have been unjustly enriched at the expense of the Browns, and thus the Browns have been deprived of their property.

47. By reason of the foregoing wrongful acts and omissions, the Browns seek restitution from the Defendants and ask this Court for an Order disgorging all profits, other benefits and/or unjust enrichment obtained and enjoyed by Defendants as a result of their wrongful acts and omissions.

ALL FOR WHICH THE BROWNS SEEK DAMAGES AND OTHER RELIEF AS PRAYED FOR BELOW.

## FOURTH CLAIM FOR RELIEF
(Fair Credit Reporting Act 15 U.S.C. 1681 et seq.)

48. The Browns re-allege all prior paragraphs and incorporate the allegations by reference therein as though fully set forth herein.

49. 15 U.S.C. 1681S-2(a) states that "a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

50. Santander had reasonable cause to believe that accounting errors had occurred as the Browns had not only disputed their collection efforts but also made the full 72 payments and any associated fees to them as required by the loan.

51. Despite these known accounting errors and the Browns' multiple notices, Santander continued to report the Browns' account with them as late and in collection to the credit bureaus.

52. By reason of the foregoing wrongful acts and omissions, the Browns seek money damages from each and all Defendants and injunctive relief enjoining further negative reporting to the credit bureaus regarding the status of their account with Santander.

ALL FOR WHICH THE BROWNS SEEK DAMAGES AND OTHER RELIEF AS PRAYED FOR BELOW.

## FIFTH CLAIM FOR RELIEF
(Failure to Provide Accounting at Consumer's Request; Non-Compliance with A.R.S. §47-9210 et seq.)

53. The Browns re-allege all prior paragraphs and incorporate the allegations by reference therein as though fully set forth herein.

54. A.R.S. §47-9210(B)(1) states that, when requested by a debtor, "a secured party...shall comply with a request within fourteen days after receipt... by authenticating and sending to the debtor an accounting."

55. The Browns requested information regarding their account status on numerous occasions as set forth herein and Defendants failed to respond to their requests. Rather, Defendants chose to repossess the Browns' property.

56. Defendant's failure to respond to the Browns' requests constitutes non-compliance under A.R.S. §47-9210 et seq. to which the Browns are entitled to money damages and statutory damages in an amount of $500 pursuant to A.R.S. §47-9625(F).

ALL FOR WHICH THE BROWNS SEEK DAMAGES AND OTHER RELIEF AS PRAYED FOR BELOW.

### SIXTH CLAIM FOR RELIEF
(Failure to Provide Right to Redeem; Non-Compliance with A.R.S. §47-9623 et seq.)

57. The Browns re-allege all prior paragraphs and incorporate the allegations by reference therein as though fully set forth herein.

58. A.R.S. §47-9623(C) states that a debtor has the right to redemption of collateral at any time after the secured party has collected collateral or accepted collateral in full or partial satisfaction of the obligation it secures.

59. The Browns were never provided the opportunity to redeem the Van after it was repossessed by Santander.

60. Defendant's failure to provide the opportunity to redeem the Van constitutes non-compliance under A.R.S. §47-9623 et seq. to which the Browns are entitled to, under A.R.S. §47-9625(C), not less than the finance charge plus ten percent of the cash price, or the time price differential plus ten percent of the cash price, whichever is greater.

ALL FOR WHICH THE BROWNS SEEK DAMAGES AND OTHER RELIEF AS PRAYED FOR BELOW.

### SEVENTH CLAIM FOR RELIEF
(Defamation – All Defendants)

61. The Browns re-allege all prior paragraphs and incorporate the allegations by reference therein as though fully set forth herein.

62. Disregarding the Browns' requests and dispute of Santander's accounting of their loan, Santander continued in its collection efforts and reporting the Browns' account as past due and in collections when the loan had been paid in full. As such, the information Santander was providing to the credit bureaus was false.

63. Santander provided the false and negative account information to a third party, the credit bureaus.

64. The false information provided to the credit bureaus by Santander has harmed the Browns' reputation and lowered them in estimation of the community. The Browns' credit score has been negatively impacted which has decreased their opportunities to obtain favorable financing. Specifically, the Browns had no choice but to purchase a replacement vehicle in the husband, John's, name only due to poor credit rating.

65. By reason of the foregoing wrongful acts and violations, the Browns seek actual, compensatory and punitive damages.

ALL FOR WHICH THE BROWNS SEEK DAMAGES AND OTHER RELIEF AS PRAYED FOR BELOW.

## EIGHTH CLAIM FOR RELIEF
(Conversion)

66. The Browns re-allege all prior paragraphs and incorporate the allegations by reference therein as though fully set forth herein.

67. The Browns had full authority to obtain title to their van as they had made all payments and fulfilled all obligations under the loan. Thus, the van was the Browns' personal property.

68. Santander repossessed and took control over the Browns' van in disregard of their property rights.

69. By reason of the foregoing wrongful acts and violations, the Browns seek actual, compensatory and punitive damages.

ALL FOR WHICH THE BROWNS SEEK DAMAGES AND OTHER RELIEF AS PRAYED FOR BELOW.

### NINTH CLAIM FOR RELIEF
(Violation of Fair Debt Collection Practices Act – 15 U.S.C. 1692 et seq.)

70. The Browns re-allege all prior paragraphs and incorporate the allegations by reference therein as though fully set forth herein.

71. Defendant uses the mail and other instruments of interstate commerce to conduct its business.

72. 15 U.S.C. 1692(f)(6) sets forth a violation when a debt collector takes non-judicial action to effect dispossession of property when "there is no present right to possession of the property claimed as collateral through an enforceable security interest."

73. The actions of the Defendant, as set out above, constitute a violation of 15 U.S.C. §1692(f)(6) because: (1) Santander took non-judicial action to dispossess plaintiff of her vehicle and (2) at the time of repossession, Santander had no right to possession of the automobile since Plaintiff had satisfied all obligations of their loan therefore granting them full property rights to the vehicle.

74. By reason of the foregoing wrongful acts and violations, the Browns seek actual damages, attorney's fees and costs of suit.

ALL FOR WHICH THE BROWNS SEEK DAMAGES AND OTHER RELIEF AS PRAYED FOR BELOW.

### TENTH CLAIM FOR RELIEF
(Violation of Fair Debt Collection Practices Act – 15 U.S.C. 1692 et seq.)

75. The Browns re-allege all prior paragraphs and incorporate the allegations by reference therein as though fully set forth herein.

76. Defendant uses the mail and other instruments of interstate commerce to conduct its business.

77. 15 U.S.C. 1692(D)(5) sets forth a violation when a debt collector engages in conduct including "Causing a telephone to ring or engaging any person in telephone

1  conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

78.  The actions of the Defendant, as set out above, constitute a violation of 15 U.S.C. §1692(D)(5) because Santander continuously telephoned the Browns despite the Browns' dispute of their collection efforts and despite the Browns' request for further information. Santander chose to ignore these efforts by the Browns and harass them with multiple collection attempts throughout the day over the course of 5 months.

79.  By reason of the foregoing wrongful acts and violations, the Browns seek actual damages, attorney's fees and costs of suit.

ALL FOR WHICH THE BROWNS SEEK DAMAGES AND OTHER RELIEF AS PRAYED FOR BELOW.

## ELEVENTH CLAIM FOR RELIEF
### (Accounting)

80.  The Browns re-allege all prior paragraphs and incorporate the allegations by reference therein as though fully set forth herein.

81.  At all times relevant herein, payments were received by Defendants on a loan secured by the subject van.

82.  The Browns demand an accounting of information on the calculation of the principal and interest, documentation of all assignments, copies of all checks or other evidence of payments made by the Browns, all debits and credits to Browns' account, accounting of all fees, and costs and all late charges assessed to the balance of the loan.

83.  The Browns are informed and believe that they have already paid off the loan securing the subject van. An accounting is necessary to determine if monies are owed to the Browns by way of overpayments of principal and/or interest made during the course of the loan. All such information is known only to defendants and Does 1-20, and the Browns have no other means to determine Defendant's calculations over the course of the loan or the accuracy of those calculations.

ALL FOR WHICH THE BROWNS SEEK DAMAGES AND OTHER RELIEF AS PRAYED FOR BELOW.

### TWELFTH CLAIM FOR RELIEF
(Declaratory Judgment – All Defendants)

84. The Browns re-allege all prior paragraphs and incorporate the allegations by reference therein as though fully set forth herein.

85. The Browns are entitled to an order from the Court setting forth the rights amongst the parties with respect to the subject van and corresponding loan.

86. The Browns request that the Court enter a declaratory judgment setting the various rights amongst the parties as contemplated herein.

ALL FOR WHICH THE BROWNS SEEK DAMAGES AND OTHER RELIEF AS PRAYED FOR BELOW.

WHEREFORE, the Browns seek damages and other relief as prayed as follows:

A. Entry of a declaratory judgment confirming the rights between the parties, specifically the calculation and amount of cure of the purported default;

B. Award the Browns compensatory, general and punitive damages in an amount to be proven at trial against all Defendants;

C. Award the Browns attorneys' fees and costs pursuant to A.R.S. §§ 12-341, 12-341.01, and 12-349 and 15 U.S.C. §1692 and in an amount no less than $2,500 in the event of default;

D. Order an accounting between the parties, determining the accuracy of Defendant's calculations over the course of the loan and any overpayments of principal and/or interest made by the Browns;

E. Enter Judgment confirming that the Browns are the owners of the subject Property and that Defendants have no interest in the Property adverse to the Browns;

F.  Rescission, injunctive relief, redress, restitution, disgorgement, reformation, money damages and other equitable relief against Defendants; and

G.  Award such other further relief as this Court deems just and proper.

DATED this 24th day of April, 2012.

**BARSKI DRAKE, PLC**

By: _____
Richard A. Drake
*Attorney for Plaintiffs*

**BARSKI DRAKE PLC**
14500 N. Northsight Blvd., Suite 200
Scottsdale, AZ 85255

Richard A. Drake (025449)
**BARSKI DRAKE PLC**
14500 N. Northsight Blvd., Suite 200
Scottsdale, AZ 85255
Tel: (602) 441-4700
Fax: (602) 680-4305
rdrake@bdlawyers.com
*Attorneys for Pamela Jo Brown*



**COPY**

APR 24 2012

MICHAEL K. JEANES, CLERK
S. LaSPALUTO
DEPUTY CLERK

### SUPERIOR COURT STATE OF ARIZONA

### MARICOPA COUNTY

| | |
|---|---|
| PAMELA JO WRIGHT-BROWN and JOHN R. BROWN, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>SANTANDER CONSUMER USA INC., a foreign corporation, and DOES 1-20, fictitious entities,<br><br>Defendants. | Case No.: ~~CV2012-052207~~<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

The undersigned certifies that he knows the dollar limits and any other limitations set forth by the local rules of practice for the applicable Superior Court, and further certifies that this case *IS* subject to compulsory arbitration, as provided by *Rules 72* through *76* of the *Arizona Rules of Civil Procedure*.

RESPECTFULLY SUBMITTED this 24th day of April, 2012.

BARSKI DRAKE, PLC

By: /s/ Richard A. Drake – 025449
Richard A. Drake
*Attorney for Plaintiff*

1