**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Jo Wright-Brown, a married woman; and John R. Brown, a married man,<br><br>Plaintiffs,<br><br>v.<br><br>Santander Consumer USA Incorporated, a foreign corporation; and Does 1-20, fictitious entities,<br><br>Defendants. | No. CV-12-1099-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Parties' Stipulated Motion for Extension of Time to File Motion to Remand. (Doc. 10). For the reasons discussed below, this motion is denied.

Plaintiffs initially filed their Complaint in Maricopa County Superior Court. On May 23, 2012, Defendants removed to this Court. On June 25, 2012, the Parties filed the instant motion requesting that the Court, pursuant to a stipulation between the Parties, extend Plaintiffs' deadline for filing a motion to remand to July 2, 2012.

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the

filing of the notice of removal." "The thirty-day time limit is mandatory, and is intended to prescribe a uniform time frame, at the beginning of immediately removable actions, within which removal will be effected." *Sandpiper Mgmt., LLC v. JP Morgan Chase & Co.*, 10CV1802, 2010 WL 4055567, at *1 (S.D. Cal. Oct. 15, 2010) (internal quotation marks and citation omitted). "[T]he thirty-day period may not be enlarged by act of the Federal Court, by act of the State Court or by mere consent of the Plaintiff to extend the time for removal." *Transp. Indem. Co. v. Fin. Trust Co.*, 339 F. Supp. 405, 407 (C.D. Cal. 1972). *See also Harris Corp. v. Kollsman, Inc.*, 97 F. Supp. 2d 1148, 1151 (M.D. Fla. 2000) ("[S]ection 1446(b)'s mandatory removal period cannot be enlarged by court order, stipulation of the parties, or otherwise.). Therefore, "federal courts may not use Fed.R.Civ.P. 6(b) to enlarge" the thirty-day removal period. *Harris Corp.*, 97 F. Supp. 2d at 1151.

To the extent that Defendants have represented to Plaintiffs that they will not object on timeliness grounds and Plaintiffs have relied upon such representation to their detriment, Defendants may have waived the right to make a timeliness objection on any motion to remand filed by Plaintiffs. *Harris Corp.*, 97 F. Supp. 2d at 1152 ("To silence plaintiff's timeliness objection, defendant must show that it reasonably relied to its detriment on plaintiff's representations that it would not object to removal on timeliness grounds."). However, "litigants cannot stipulate to ignore statutory time periods established by Congress." *Id.* at 1151.

/ / /

/ / /

**IT IS THEREFORE ORDERED** that the Parties' Stipulated Motion for Extension of Time to File Motion to Remand (Doc. 10) is **DENIED.**

Dated this 29th day of June, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge